James Lemonedes (#519451)
Jlemonedes@foxrothschild.com
**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, NY 10178
Telephone:	212.878.7900
Facsimile:	212.692.0940

John Shaeffer (*pro hac vice* forthcoming)
jshaeffer@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, CA 90067
Telephone:	310.598.4150
Facsimile:	310.556.9828

Attorneys for Plaintiff,
KALI RAY DBA TRIYOGA INTERNATIONAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KALI RAY, an individual, DBA TRIYOGA INTERNATIONAL,<br><br>    Plaintiff,<br><br>v.<br><br>TRYOGA, LLC, a New York limited liability company,<br><br>    Defendant. | Civil Action No.: 3:22-CV-31 (MAD/ML)<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

Plaintiff Kali Ray DBA Triyoga International ("Plaintiff"), by and through its undersigned counsel, seeks relief against Defendant Tryoga, LLC ("Defendant") as follows:

## NATURE OF THE DISPUTE

1. This action arises from Defendant's continued and willful misappropriation of Plaintiff's TRIYOGA Marks (defined *infra*). Despite being aware of Plaintiff's exclusive trademark rights, Defendant nevertheless has continued to infringe these rights by offering and rendering services identical to Plaintiff's services, under the TRYOGA mark, a mark that is nearly identical and/or confusingly similar to Plaintiff's TRIYOGA Marks.

2. Defendant's offering and rendering of identical services under the TRYOGA mark is all the more egregious given that Defendant had received a cease-and-desist letter from Plaintiff in 2016 regarding its infringing use.

3. Defendant's continued offering and rendering of services under the TRYOGA mark, which is nearly identical and/or confusingly similar to Plaintiff's TRIYOGA Marks, must end. Defendant's unauthorized, infringing use of mark has injured Plaintiff and Plaintiff's business, reputation and goodwill. Defendant's continued actions are willful, intentional and damaging to Plaintiff and Plaintiff's TRIYOGA Marks.

4. Accordingly, Plaintiff now brings this action against Defendant for trademark infringement, false designation of origin and unfair competition pursuant to Section 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and the common law of the State of New York.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. §§ 1331 (federal question), 1338(a) (any Act of Congress relating to trademarks), and 1338(b) (any action asserting claim of unfair competition joined with a substantial and related claim under the trademark law) for the claims arising out of the violations of Section 32 and 43(a) of the Lanham

Act and under 28 U.S.C. § 1332(a), as a matter between citizens of different states in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a), for all other claims asserted in this Complaint because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy.

7. This Court has personal jurisdiction over Defendant pursuant to NY CPLR § 301 because Defendant is a New York limited liability company with a principal place of business at 134 Washington Street, Binghamton, New York, 13902; Defendant is registered with the Secretary of State to do business in New York; Defendant regularly transacts, conducts, or solicits business in New York and within this judicial district, or engages in other persistent courses of conduct and/or derives substantial revenue from goods used or consumed or from services rendered in New York.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) since Defendant is subject to personal jurisdiction in the state of New York, Defendant's principal place of business is located within this judicial district, Defendant does business within this judicial district and Defendant committed acts of infringement at issue in this Complaint within this judicial district.

## THE PARTIES

9. Plaintiff, Kali Ray, is an individual DBA TriYoga International, a nonprofit organization, with an address of P.O. Box 4799, Mission Viejo, California, 92690.

10. Upon information and belief, Defendant, Tryoga, LLC, is a New York limited liability company with a principal place of business at 134 Washington Street, Binghamton, New York, 13902.

## FACTUAL BACKGROUND

**Plaintiff and The TriYoga® Practice**

11.     Plaintiff is an internationally renowned yogini and founder of the TriYoga® practice and TriYoga International, a nonprofit organization. TriYoga® is a registered trademark used by Plaintiff in connection with goods and services relating to the art and science of yogaflow, a dynamic, meditative trinity of asana, pranayama and mudra. Prana-inspired and systematically introduced, TriYoga® practice unites breath and mudra with flowing and sustained postures.

12.     Plaintiff has systematized asana (posture), pranayama (breathing practices), and dharana (concentration techniques) from Basics to Level 7, and over 1300 hasta mudras (hand gestures) into the TriYoga® practice.

13.     TriYoga®, which include the full range of yoga practices, is taught in over 40 countries by 2,510 certified teachers and more than 65 TriYoga Centers and Communities have been established, including centers in Australia, Austria, China, Denmark, Germany, Hong Kong, Hungary, India, Israel, Macau, Netherlands, New Zealand, Russia, South Korea, Switzerland, Taiwan, Ukraine and the United States.

14.     Traveling extensively, Plaintiff has presented 56 keynote addresses, major presentations and in-depth programs at yoga conferences, thousands of programs at other venues and has been featured widely in the media. Plaintiff was featured in the book *Secrets of the World's Inspirational Women*, with photos of the women in the prestigious National Portrait Gallery in London. Plaintiff's presence, her mastery of the flow and the ageless wisdom inherent in TriYoga® practice have inspired and transformed countless lives.

15.     Since as early as 1987, Plaintiff has exclusively and continuously used the TRIYOGA® trademark in interstate commerce to identify goods and services and has gained

4

considerable goodwill and notoriety as a result of such use. The TRIYOGA® trademark and the goodwill associated therewith are valuable assets of Plaintiff.

16. Plaintiff is the owner of the following trademark registrations: U.S. Trademark Registration No. 5,137,162 for the mark TRIYOGA covering goods and services in International Classes 9, 16, 25, 41 and 44; U.S. Trademark Registration No. 5,136,053 for the mark TRIYOGA covering goods and services in International Classes 9 and 41; and U.S. Trademark Registration 1,714,251 for the mark TRIYOGA covering services in International Class 41 (collectively, the "TRIYOGA® Marks"). Attached hereto as **Exhibit A** are true and correct copies of the registrations covering the TRIYOGA Marks.

17. U.S. Trademark Registration No. 1,714,251 is incontestable pursuant to 15 U.S.C. § 1065.

18. The TRIYOGA® Marks are prominently displayed at the TriYoga Centers and Communities, on the www.triyoga.com website, on goods such as t-shirts, as well as in association with TriYoga International's marketing, promotion, advertising, offering and rendering of its yoga services.

19. Plaintiff has expended substantial amounts of time, money and effort in promoting the TRIYOGA® Marks and in accruing consumer goodwill and reputation for the TRIYOGA® Marks.

**Defendant and Its Unlawful Activities**

20. Upon information and belief, Defendant Tryoga, LLC is a yoga studio located at 134 Washington Street in Binghamton, New York, which was founded and is operated by Terry Ross.

21. Upon information and belief, in or about 2015, Defendant first offered its yoga services, including the offering of yoga classes at various levels, under the name TRYOGA ("Defendant's Services") and has continued to use the TRYOGA name in association with the advertising, marketing, promotion, offering and rendering of Defendant's Services.

22. Upon information and belief, on or about October 6, 2015, Defendant registered to do business within the State of New York.

23. Upon information and belief, Defendant advertises, markets and promotes Defendant's Services bearing the TRYOGA mark on its website, www.tryogastudios.com, its Twitter, @TRYOGA_BING, its Facebook page, https://www.facebook.com/TRYOGA-1706908652877509/, its Instagram, @tryoga_studios, its YouTube Channel, https://www.youtube.com/channel/UCmM4CHRcDsUhzhaJEEkWtag. Attached hereto as **Exhibit B** are true and correct screenshots showing Defendant's use of the infringing TRYOGA mark.

24. On June 24, 2016, via a cease-and-desist letter, Plaintiff notified Defendant of its infringing mark, advising that any continued use of the terms/mark TRYOGA was likely to cause confusion, deception or mistake among the public because the services offered under the nearly identical marks are the same and demanded Defendant discontinue any further use of the TRYOGA mark.

25. Upon information and believe, Defendant has recently expanded its business from the in-studio yoga services in Binghamton, New York to the offering of its yoga services online through, at a minimum, its YouTube Channel and Facebook page, reaching beyond the geographic scope of Binghamton and its surrounding areas.

26. In light of this expansion, Plaintiff once more invited Defendant to engage in a reasonable discussion to resolve this matter, however, Defendant advised that it was no longer willing to make such a change to its infringing mark and would continue its infringing use.

27. Despite being put on notice of its infringement, Defendant has continued its use of the TRYOGA mark.

28. Upon information and belief, consumers are likely to be confused by the similarity of the TRYOGA mark for yoga services and the promotion thereof, services identical and related to those offered by Plaintiff under its TRIYOGA® Marks. Furthermore, consumers are likely to believe that Defendant's Services are offered by, developed by, related to, endorsed by and or sponsored by Plaintiff due to its long and prior use of its TRIYOGA Mark in the same industry.

## COUNT I

### Federal Trademark Infringement – 15 U.S.C. § 1114

29. Plaintiff repeats and re-alleges each and every allegation above as though fully set forth herein.

30. Plaintiff is the owner of the federally registered TRIYOGA Marks, which are entitled to protection under federal and common law.

31. Defendant's use of a trademark that is nearly identical to Plaintiff's registered TRIYOGA Marks is confusingly similar to Plaintiff's registered TRIYOGA Marks, especially given the fact that the parties offer identical services, *i.e.*, yoga.

32. Plaintiff has not consented, directly or indirectly, to use by Defendant of its TRIYOGA Marks for any purpose.

33. Defendant has used the TRYOGA mark for purposes for which they were not and are not authorized, including, but not limited to, marketing, advertising and offering of its services for the benefit of Defendant.

34. Defendant's activities in interstate commerce in connection with the TRYOGA mark are likely to cause confusion, mistake and deception among purchasers, potential purchasers, and the relevant public as to the source or sponsorship of Defendant's Services and related goods and services and/or their affiliation with Plaintiff, causing harm to Plaintiff's reputation and goodwill.

35. Upon information and belief, the activities of Defendant complained of herein constitute willful and intentional infringement of Plaintiff's TRIYOGA Marks, have continued in spite of Defendant's actual and constructive knowledge of the federally registered TRIYOGA Marks, and knowledge that Defendant's use of such registered mark was and is in direct contravention of Plaintiff's rights.

36. The unauthorized use of the TRYOGA mark by Defendant constitutes infringement of Plaintiff's federally registered TRIYOGA Marks, described above, in violation of the Lanham Act, 15 U.S.C. § 1114.

37. The aforesaid acts of Defendant are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, as a result of which Plaintiff is without an adequate remedy at law.

## COUNT II

### False Designation of Origin/Unfair Competition – 15 U.S.C. § 1125(a)

38. Plaintiff repeats and re-alleges each and every allegation above as though fully set forth herein.

39. Plaintiff is the owner of the federally registered TRIYOGA® Marks, which are entitled to protection under federal and common law. Plaintiff has extensively and continuously promoted and used the TRIYOGA® Marks for many decades in the United States and worldwide. Through that extensive and continuous use, the TRIYOGA® Marks have become famous and well-known indicators of the origin and quality of Plaintiff's goods and services.

40. By virtue of the commercial success of the goods and services provided through the TRIYOGA® Marks, such marks have come to have significance in the mind of the relevant trade and purchasing public as an indicator of the goods and services originating with, sponsored by, or otherwise associated with Plaintiff.

41. Plaintiff has used the TRIYOGA® Marks in commerce for Plaintiff's goods and services, prior to any such use and/or adoption that can be alleged by Defendant.

42. The TRIYOGA® Marks identify the source of Plaintiff's goods and services and did so prior to any date of first use that could be claimed by Defendant.

43. Upon information and belief, Defendant has intentionally, willfully, knowingly, and/or in bad faith, adopted the TRYOGA mark, a mark that are identical and confusingly similar to Plaintiff's TRIYOGA® Marks, solely in an effort to adversely affect and/or trade off of Plaintiff's goodwill and reputation, at the detriment of Plaintiff.

44. Defendant has used the TRYOGA mark in interstate commerce in association with the offering and rendering of Defendant's Services.

45. Defendant's knowing and unauthorized use in commerce of the TRYOGA mark, a mark that is nearly identical and confusingly similar to Plaintiff's TRIYOGA® Marks, constitutes unfair competition and a false designation of origin that is likely to cause consumer confusion, mistake or deception as to the origin, sponsorship or approval of Defendant and of Defendant's

services, or as to affiliation between the parties, by creating the false and misleading impression that Defendant and Defendant's Services are authorized by or otherwise associated with Plaintiff.

46. Defendant's use of the TRYOGA mark will enable Defendant to obtain the benefit of and trade on the goodwill of Plaintiff.

47. The aforesaid acts of Defendant are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, as a result of which Plaintiff is without an adequate remedy at law.

## COUNT III

### Trademark Infringement Under Common Law

48. Plaintiff repeats and re-alleges each and every allegation above as though fully set forth herein.

49. Plaintiff is the owner of the federally registered TRIYOGA® Marks, which are entitled to protection under federal and common law.

50. Plaintiff was the first to use the TRIYOGA® Marks. As a result of Plaintiff's continuous promotion and offering of services bearing the TRIYOGA Marks for many decades, Plaintiff's TRIYOGA® Marks have become widely known, and Plaintiff has been identified in the public mind as the origin of the services to which the TRIYOGA® Marks are applied.

51. As a result, these services have become widely known and have acquired a worldwide reputation in the industry.

52. Defendant, with knowledge and intentional disregard of Plaintiff's rights, continues to advertise, promote and offer services using the TRYOGA mark which is nearly identical and/or confusingly similar to Plaintiff's TRIYOGA® Marks. Defendant's acts have caused, continue to

cause, and/or are likely to cause confusion as to the source and/or sponsorship of Plaintiff's services.

53. Defendant's acts alleged herein and specifically, without limitation, Defendant's use, promotion, advertising, marketing, offering and rendering of services identical to Plaintiff's services under the TRYOGA mark, which is nearly identical and/or confusingly similar to Plaintiff's TRIYOGA® Marks, infringe Plaintiff's exclusive trademark rights in violation of the common law of the State of New York.

54. The aforesaid acts of Defendant are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, as a result of which Plaintiff is without an adequate remedy at law.

## COUNT IV

## Unfair Competition Under Common Law

55. Plaintiff repeats and re-alleges each and every allegation above as though fully set forth herein.

56. By the acts described above, Defendant has intentionally engaged in unfair competition in violation of the common law of the State of New York.

57. The aforesaid acts of Defendant are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, as a result of which Plaintiff is without an adequate remedy at law.

## JURY DEMAND

58. Plaintiff hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. A judgment and order that the Defendant has violated Section 32 of the Lanham Act, 15 U.S.C. § 1114, has violated Section 43(a) of the Lanham Act, 15 U.S.C.§ 1125(a), has engaged in trademark infringement under the common law of the State of New York, and has engaged in unfair competition in violation of the common law of the State of New York;

2. The Defendant, its agents, servants, employees, attorneys, and any related companies, and all persons in active concert or participation with one or more of them, be preliminarily and permanently enjoined and restrained from unlawfully using the TRYOGA mark and any mark or name that is confusingly similar to Plaintiff's TRIYOGA® Marks in connection with any and all of Defendant's Services and related goods and services;

3. That this Court award Plaintiff damages adequate to compensate Plaintiff for Defendant's act of trademark infringement and unfair competition/false designation of origin;

4. That Plaintiff be awarded actual damages and lost profits in an amount to be proven at trial;

5. That Defendant be required to account for any profits attributable to their infringing acts;

6. That Plaintiff be awarded the greater of three times Defendant's profits or three times any damages sustained by Plaintiff and prejudgment interest;

7. That Defendant be required to pay Plaintiff's costs of this action together with reasonable attorneys' fees and disbursements; and

8. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Dated: January 14, 2022                                      **FOX ROTHSCHILD LLP**

By _____
James Lemonedes (#519451)
Jlemonedes@foxrothschild.com
**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, NY 10178
Telephone:     212.878.7900
Facsimile:      212.692.0940

John Shaeffer
(*pro hac vice* forthcoming)
jshaeffer@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, CA 90067
Telephone:     310.598.4150
Facsimile:      310.556.9828

Attorneys for Plaintiff,
KALI RAY DBA TRIYOGA INTERNATIONAL